FILED IN CHAMBERS
U.S.D.C ATLANTA
Date: Nov 16 2022
KEVIN P. WEIMER, Clerk
By: s/Kari Butler
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

TASHON BROWN,

    Plaintiff,

  v.

Detective CHRIS REED, *in his individual capacity as a police officer for Cedartown Police Department*, and Captain CRAIG PEYTON, *in his individual capacity as a police officer for Cedartown Police Department*,

    Defendants.

CIVIL ACTION FILE

NO. 4:20-CV-00179-WEJ

# ORDER

The undersigned granted defendants' Motion for Summary Judgment [58] in an Order [67] dated October 4, 2022. Plaintiff, Tashon Brown, has filed a Motion for Reconsideration [69] of that Order. Defendants Chris Reed and Craig Peyton have filed a Response [70], but plaintiff filed no reply brief. For the reasons explained below, the Court **DENIES** plaintiff's Motion for Reconsideration.

The decision to grant a motion for reconsideration is committed to the sound discretion of the district court. Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of

Health & Rehab. Servs., 225 F.3d 1208, 1216 (11th Cir. 2000). The Local Civil Rules of the Northern District of Georgia permit the filing of motions for reconsideration only when "absolutely necessary." N.D. Ga. Civ. R. 7.2(E). "Reconsideration is only 'absolutely necessary' where there is (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003).

Given the narrow scope of motions for reconsideration in this District, there are a variety of circumstances under which a motion for reconsideration is inappropriate. For example, a motion for reconsideration is not "a vehicle to present new arguments or evidence that should have been raised earlier." Brogdon ex rel. Cline v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000). Nor is it "an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time." Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996). A motion for reconsideration most assuredly should not be used to simply "repackage familiar arguments to test whether the Court will change its mind." Chesnut v. Ethan Allen Retail, Inc., 17

F. Supp. 3d 1367, 1370 (N.D. Ga. 2014) (quoting Brogdon, 103 F. Supp. 2d at 1338).

Plaintiff moves this Court for reconsideration based on what she claims is the need to correct errors of fact. (Pl.'s Mot. [69] 4.) Under a heading which reads, "Brief Listing of Disputed Facts Ignored by the Court," plaintiff's Motion has two subsections -- a. and b. (Id.) As shown below, neither fact plaintiff mentions was ignored by the Court; instead, the Court addressed both of them at length in its Order of October 4, 2022 [67].

In subsection a., plaintiff asserts that the Court ignored the "fact" that the defendant officers falsified allegations in the affidavits for arrest (i.e., the warrant applications). (Pl.'s Mot. [69] 5.) That was not a "fact" that this Court ignored. Instead, the Court thoroughly examined plaintiff's contention that the officers falsified the warrant applications and found that there was no probative evidence to support it. (See Oct. 4, 2022 Order [67] 26-33; see also id. at 29 (Plaintiff "has no factual basis to assert that [Detective Reed] was untruthful in the Affidavits for Arrest"); id. ("Plaintiff has no proof that Detective Reed (or Captain Peyton, for that matter) lied to the magistrate in the Affidavits for Arrest . . . ."); id. at 30 ("[T]he undisputed material facts here show that Detective Reed inserted no

3

falsehoods into his Affidavits for Arrest . . . .").) Thus, this first contention does not provide any reason for the Court to reconsider its October 4 Order.[1]

In subsection b., plaintiff asserts that "Officers Reed and Peyton have admitted that they would not have sworn out the warrants for felony Murder independently." (Pl.'s Mot. [69] 5.) This is also not a "fact" that the Court ignored. Instead, the undersigned's October 4 Order reviewed the deposition testimony that plaintiff cites in the instant Motion and summarized it as follows: "Detective Reed and Captain Peyton concede that, had DA Browning advised against charging Ms. Brown with felony murder, they would not have sought a warrant for that charge at that time." (Oct. 4, 2022 Order [67] 15-16.)

The officers' concession does not show, as plaintiff contends, that they "violated clearly established law and that there are genuine issues of material fact

---

[1] The Court again reminds plaintiff about the differing standards that apply to motions to dismiss and motions for summary judgment. In ruling on defendants' motion to dismiss, Judge Brown was required to assume the truth of plaintiff's allegation that the officers falsified the warrant applications. However, in ruling on defendants' motion for summary judgment, while this Court was required to construe the facts in a light most favorable to plaintiff as the non-moving party, she had the burden of proof on her falsification claim. When defendants submitted probative evidence supporting their denial of plaintiff's allegation that they had falsified the warrant applications, she was required to submit probative evidence that raised a triable issue over that denial. She failed to do so.

regarding the validity of the arrest warrants." (Pl.'s Mot. [69] 6.) Instead, the officers' testimony shows that they would have listened to the District Attorney had he disagreed with the conclusion they reached in their investigation. But, he did not disagree. Moreover, a state magistrate and a grand jury subsequently concurred with the officers and found that there was probable cause to believe that plaintiff was driving the vehicle from which Mr. LaRyan Walker shot and killed someone. Thus, the second contention also fails to provide the Court with any reason to reconsider its October 4 Order.

For the reasons set forth above, the Court **DENIES** plaintiff's Motion for Reconsideration [69].

**SO ORDERED**, this 16th day of November, 2022.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE