# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| TASHON BROWN,<br><br>　　Plaintiff,<br><br>v.<br><br>Detective CHRIS REED, in his individual capacity as a police officer for Cedartown Police Department, Captain PEYTON, in his individual capacity as a police officer for Cedartown Police Department, and JOHN DOE 1-5, Officers unknown to the Plaintiff at this time, in their individual capacities as police officers for the City of Cedartown and Polk County,<br><br>　　Defendants. | CIVIL ACTION FILE NO.:<br>4:20-CV-179-WEJ |

## ITEMIZATION AND DOCUMENTATION IN SUPPORT OF BILL OF COSTS AND BRIEF IN SUPPORT THEREOF

Come now DETECTIVE CHRIS REED AND CAPTAIN CRAIG PAYTON, Defendants named in the above-styled action (hereinafter referred to as "Prevailing Party"), and file this its Itemization and Documentation in Support of Bill of Costs and Brief in Support Thereof, showing this Court as follows:

1086493.1

1.

This Court entered judgment in favor of Prevailing Party on October 4, 2022. A Motion for Reconsideration was filed on October 14, 2022. A denial of the Motion was entered on November 16, 2022. No further appeal has been filed in this matter.

2.

Federal Rule of Civil Procedure ("Rule") 54(d) allows for awarding of costs to the prevailing party. The costs that may be taxed against the non-prevailing party are defined in 28 U.S.C. § 1920 as follows:

(1) Fees of the clerk and the marshal;

(2) Fees of the court reporter for all and any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the cas

(5) Docket fees under Section 1923 of this Title;

(6) Compensation of court-appointed experts, compensation of interpreters,

and salaries, fees, expenses, and costs of special interpretation services under Section 1828 of this Title.

28 U.S.C § 1920.

3.

A Prevailing Party is entitled to recover the costs enumerated under 28 U.S.C. § 1920.  *West Virginia Univ. Hosp., Inc. v. Casey*, 499 U.S. 83, 113 L.Ed.2d 68 (1991); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 96 L.Ed.2d 385 (1987). The recoverable cost for fees of the Clerk are **$400.00**, as demonstrated in **Exhibit "A".**

4.

The Prevailing Party is entitled to recover costs for photocopies provided to this Court or to the opposite party, provided such copies were necessary.  28 U.S.C. § 1920(4); *Goodwall Constr. Co. v. Beers Constr. Co.*, 824 F. Supp. 1044, 1065 (N.D. Ga. 1992).  The recoverable costs of photocopies is **$62.00**, as demonstrated in **Exhibit "B".**  This amount does **not** include the photocopy costs of the originals or for file copies kept by Prevailing Party.  *See Weststar, Inc. v. Florida Rock Industries, Inc.*, slip op., U.S.D.C., N.D.Ga., Case No. 4:95-CV-115-HLM (Aug. 14, 1997).

5.

The Prevailing Party may recover deposition costs where the deposition was necessarily obtained for use in the case, even if it was not actually used at trial. *Goodwall*, at 1066. Copies of both the original and one copy of a deposition transcript are recoverable as long as the deposition was necessarily obtained for use in the case. *DiCecco v. Dillard House, Inc.,* 149 F.R.D. 239, 242-43 (N.D. Ga. 1993). Furthermore, where copies of depositions were filed with the court at the request of the opposing party, then the costs of such copies are recoverable. *Goodwall*, at 1066. Defendant took the deposition of Tashon Brown, and the depositions of Detective Chris Reed and Captain Craig Payton were defended by Defendant. The depositions were used in support of the Motion for Summary Judgment, in preparation of examination of the witnesses during discovery, and to impeach the witnesses. An itemized list of depositions taken by Prevailing Party and the costs associated therewith is attached hereto as **Exhibit "C".** The total amount of recoverable deposition expenses is **$1,136.50.** *See Weststar, supra*. None of these depositions were taken for the convenience of the attorneys representing Prevailing Party, nor strictly for aid in preparing for the case for trial.

1086493.1

6.

Other transcript costs were required to be used in support of the Motion for Summary Judgment and as part of discovery. See **Exhibit "D"** which is an itemized list of the transcription costs of the recordings of Plaintiff and witnesses. The cost was **$973.00**.

7.

The total amount of Prevailing Party's Bill of Costs is **$2,571.50**, which represents the sum amount of the costs itemized in Exhibits A through D.

8.

All of the costs shown herein were necessary for purposes of Prevailing Party's defense before this Court, and all costs are submitted in accordance with those allowed under Federal law.

WHEREFORE, Prevailing Party submits this its Itemization and Documentation in Support of Its Bill of Costs and respectfully requests this Court to tax all these costs in the amount of **$2,571.50** against Plaintiff.

* * *

This certifies that the foregoing Response was prepared with Times New Roman 14 point font in accordance with the Local Rules of this Court.

1086493.1

Respectfully submitted this 29th day of December, 2022.

                        **BRINSON, ASKEW, BERRY, SEIGLER,
RICHARDSON & DAVIS, LLP**

            By:   /s/ J. Anderson Davis
                    J. ANDERSON DAVIS
                    Georgia Bar No. 211077
                    SAMUEL L. LUCAS
                    Georgia Bar No. 142305

Post Office Box 5007         *Attorneys for Defendants Detective Chris*
Rome, Georgia 30162-5007   *Reed and Captain Craig Payton*
Phone: (706) 291-8853
Fax: (706) 234-3574
adavis@brinson-askew.com
slucas@brinson-askew.com

1086493.1

## CERTIFICATE OF SERVICE

I certify that this day the within and foregoing **ITEMIZATION AND DOCUMENTATION IN SUPPORT OF BILL OF COSTS AND BRIEF IN SUPPORT THEREOF** was filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following parties at interest:

This 29th day of December, 2022.

/s/ J. Anderson Davis
J. ANDERSON DAVIS
Georgia Bar No. 211077

1086493.1